UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LYNLEY VANSIGNEL, MELANIE MEYER, AND JESSIE PALMER, <br>  *Plaintiffs*, <br><br> v. <br><br> FIRST GUARANTY MORTGAGE CORPORATION, AND PACIFIC INVESTMENT MANAGEMENT COMPANY, INC., <br>  *Defendants*. | Civil Action No. 4:22-cv-00525-SDJ |

## DEFENDANT PACIFIC INVESTMENT MANAGEMENT COMPANY, INC.'S
## RULE 12(b)(6) MOTION TO DISMISS

In accordance with FED. R. CIV. P. 12(b)(6), Defendant Pacific Investment Management Company, Inc. ("Defendant" or "PIMCO") moves the Court to dismiss the claims asserted against it in *Plaintiffs' Original Complaint and Jury Demand* ("Complaint") filed by Plaintiffs Lynley VanSingel ("VanSingel"), Melanie Meyer ("Meyer"), and Jessie Palmer ("Palmer") (collectively, "Plaintiffs"). In support, PIMCO shows the following:

### I.
### SUMMARY OF THE ARGUMENT

Plaintiffs' claims against PIMCO for disparate treatment and retaliation under Title VII and the Texas Labor Code should be dismissed because they have not alleged any well-pleaded facts that would permit the Court to make the reasonable inference that PIMCO is liable to Plaintiffs as their employer. Because they do not allege that they were employed by PIMCO, Plaintiffs must plead sufficient facts that demonstrate a plausible basis for holding PIMCO liable as an employer either under the integrated enterprise or joint employer theories of liability.

Plaintiffs' *Complaint* fails to allege sufficient facts to meet either test. Specifically, the *Complaint* lacks any well pleaded facts regarding PIMCO and FGMC that would show an

interrelation of operations, centralized control of labor relations, common management, or common ownership or financial control sufficient to demonstrate that PIMCO exercised control over FGMC's employment decisions. Likewise, Plaintiffs do not allege sufficient facts that demonstrate PIMCO had the right to control Plaintiffs' conduct or whether it paid their salary, withheld taxes, provided benefits, or otherwise set the terms and conditions of their employment with FGMC. Because they have not pleaded sufficient facts that would provide a plausible basis for holding PIMCO liable as a joint employer or integrated enterprise, Plaintiffs' claims against PIMCO fail to state a claim and should be dismissed.

## II.
## BACKGROUND

Plaintiffs filed their *Complaint* on June 23, 2022. *Complaint* [ECF No. 1]. In the *Complaint*, Plaintiffs bring claims of sex discrimination and retaliation against PIMCO and Defendant First Guarantee Mortgage Corporation ("FGMC"). Plaintiffs are former employees of Defendant FGMC. *Complaint* ¶¶ 13 (VanSingel), 21 (Meyer), 34 (Palmer). Although they vary by each individual, the gist of Plaintiffs' allegations are that FGMC's leadership subjected them to disparate treatment based on their gender and discharged or demoted them in retaliation for making complaints about this perceived treatment. *Complaint* ¶¶ 19 (VanSingel), 32 (Meyer), 57 (Palmer).

Although these allegations against FGMC are described in detail, Plaintiffs' *Complaint* contains almost no allegations as it relates to PIMCO. Specifically, Plaintiffs only mention PIMCO briefly in the opening of their *Complaint*:

> 10. PIMCO holds a majority of the shares of FGMC. PIMCO and FGMC operate as joint employers or integrated enterprises. Upon information and belief, PIMCO held two or more seats on the FGMC board and had input into the hiring and firing of FGMC executives.
>
> 11. Upon information and belief, PIMCO knowingly allowed FGMC to be undercapitalized and/or improperly transferred asserts out of FGMC causing FGMC to be undercapitalized.

*Complaint* ¶¶ 10-11. As set forth below, Plaintiffs' allegations are insufficient to state a plausible claim against PIMCO under either the integrated enterprise or joint employer theories of liability and therefore should be dismissed.

## III.
## ARGUMENT AND AUTHORITIES

**A.       Standard for dismissal under Rule 12(b)(6).**

To withstand dismissal under FED. R. CIV. P. 12(b)(6), Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The facts alleged must 'be enough to raise a right to relief above the speculative level,' but the complaint may survive a motion to dismiss even if recovery seems 'very remote and unlikely.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (*quoting Twombly*, 550 U.S. at 555-56). Facial plausibility is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While a court must accept a plaintiff's allegations as true when ruling on a motion to dismiss, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (*quoting Iqbal*, 556 U.S. at 678). Likewise, a complaint is insufficient where it "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted) (alterations in original).

**B.      Plaintiffs' Complaint fails to plead a plausible basis for PIMCO's status as an employer.**

The Court should dismiss Plaintiffs' claims because the *Complaint* fails to set forth a basis for holding PIMCO liable as their employer. Specifically, Plaintiffs' *Complaint* lacks well-pleaded allegations that would support extending employer coverage to PIMCO under either the integrated enterprise or joint employer theories of liability. Where it does address it specifically, the *Complaint*'s allegations against PIMCO are merely labels and conclusions that are not capable of supporting a plausible, rather than possible, basis for holding PIMCO liable as Plaintiffs' employer. Because they have not pleaded an adequate basis for employer coverage against PIMCO, Plaintiff's claims should be dismissed.

**1.      Plaintiffs are not employed by PIMCO.**

Plaintiffs *Complaint* fails to contain any allegations establishing that they were employed by PIMCO. Title VII's coverage[1] generally only extends to an individual's employer. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted) (*citing Oden v. Oktibbeha Cty., Miss.*, 246 F.3d 458, 462 (5th Cir. 2001)). A plaintiff must thus establish that a defendant meets the coverage requirements of Title VII and then, that "an employment relationship exists between the plaintiff and the defendant." *Muhammad v. Dallas Cty. Cmty. Supervision and Corr. Dep't.*, 479 F.3d 377, 380 (5th Cir.2007) (*citing Deal v. State Farm County Mutual Insurance Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)). An employer is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. § 2000e(b). In turn, an employee is defined as "an individual employed by an employer." *Id*.

---

[1] Although Plaintiffs' *Complaint* asserts claims of discrimination and retaliation under both Federal and Texas law, Courts interpreting analogous laws under the Texas Labor Code follow a similar analysis for determining whether an entity is an "employer." *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633-34 (Tex. 2012)("Because one of the purposes of the [Texas Commission on Human Rights Act] is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964," we have consistently held that those analogous federal statutes and the cases interpreting them guide our reading of the TCHRA").

§ 2000e(f).

Here, Plaintiffs' *Complaint* lacks any allegations that they were ever employed by PIMCO as employees. The *Complaint* alleges that Plaintiff VanSingel was employed as Defendant FGMC's Senior Vice President, Learning & Organizational Development from April 22, 2019, to February 4, 2022. *Complaint* ¶ 13. Moreover, Plaintiff VanSingel asserts a claim for breach of contract in the *Complaint* based on FGMC's alleged breach of an Employment Agreement with her. *Id.* ¶¶ 82-86. Plaintiff Meyer likewise alleges that she was hired by FGMC on February 28, 2020, and later resigned from her employment with the entity on April 1, 2022. *Id.* ¶¶ 21, 31. Finally, Plaintiff Palmer alleges that FGMC hired her on March 1, 2021, and discharged her on January 28, 2022. *Id.* ¶¶ 34, 56.

    **2.**    **Plaintiffs' Complaint does not plead sufficient facts to find that PIMCO and FGMC are an integrated enterprise.**

Plaintiff's *Complaint* fails to allege facts that set forth a plausible basis that PIMCO and FGMC constituted an integrated enterprise. Under Title VII, "'superficially distinct enterprises may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer.'" *Tipton v. Northrup Grumman Corp.*, 242 Fed. App'x. 187, 190 (5th Cir. 2007) (*quoting Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir.1997)). Courts use a four-factor test to determine whether two distinct entities are an integrated enterprise under Title VII. *See Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). Factors considered by courts in determining whether two entities are an integrated enterprise include: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Sullivan v. Schlumberger Ltd.*, 2022 WL 584038, at *2 (E.D. Tex. Feb. 25, 2022) (Mazzant, J.) (*quoting Trevino*, 701 F.2d at 404). No single factor is determinative: "This analysis ultimately focuses on the question whether the parent corporation was a final decision-maker in

connection with the employment matters underlying the litigation . . . and all four factors are examined only as they bear on this precise issue[.]" *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 777 (5th Cir. 1997) (citations omitted).

### a. *Interrelation of operations.*

The *Complaint* lacks any well-pleaded facts that indicate that PIMCO exercised control over FGMC. *Sullivan*, 2022 WL 584038, at *3 (no genuine dispute as to whether parent company exercise a degree of control over subsidiary that went "beyond the control in the typical parent-subsidiary relationship"). The interrelation of operations factor focuses on whether one entity excessively influenced or interfered with the business operations of the other. *Lusk*, 129 F.3d at 778. The fact that one entity benefitted from the other's activities is irrelevant in determining whether their operations were interrelated: "Attention to detail, not general oversight, is the hallmark of interrelated operations." *Id.* Evidence that two entities operations are interrelated include: (1) one entity's involvement in the other's daily decisions relating to production, distribution, marketing, and advertising; (2) shared employees, services, records, and equipment; (3) commingled bank accounts, accounts receivable, inventories, and credit lines; (4) one entity's maintenance of the other's books; (5) one entity's issuance of the other's paychecks; and (6) one entity's preparation and filing of the other's tax returns. *Id.*

Plaintiffs' *Complaint* contains only conclusory allegations regarding the integrated enterprise analysis which are incapable of withstanding dismissal. Plaintiffs allege that "PIMCO and FGMC operate as joint employers or integrated enterprises"; "[u]pon information and belief, PIMCO held two or more seats on the FGMC board and had input into the hiring and firing of FGMC executives"; and that "PIMCO knowingly allowed FGMC to be undercapitalized and/or improperly transferred assets out of FGMC causing FGMC to be undercapitalized." *Complaint* ¶¶ 10-11. Putting aside the conclusory nature of these allegations, none of Plaintiffs' allegations are probative of

whether PIMCO excessively influenced or interfered with FGMC's operations—the ultimate focus of the interrelated operations factor. *Lusk*, 129 F.3d at 778. *See Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 927 (5th Cir. 2021) ("More broadly, there is no evidence that VHS excessively influenced or interfered with the business operations of PICCS, which is the ultimate focus of this factor") (citations and quotation marks omitted) (alterations in original)).

        b.        *Centralized control of labor relations.*

Centralized control of labor relations has been described as the most important factor. *Sullivan*, 2022 WL 584038, *3 (*citing Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 343 (5th Cir. 2005)). The focus of this factor is determining what entity made the final decisions regarding employment matters related to the person claiming discrimination. *Trevino*, 701 F.2d at 404. In *Trevino*, for example, the Fifth Circuit reversed the district court's determination that there was no centralized control over labor relations amongst two entities because there were "over a hundred documents signed by the parent's managers, authorizing lay-offs, recall, promotions, and transfers of the subsidiary's employees[.]" *Id.* at 400. In contrast, there are no allegations in Plaintiffs' *Complaint* that address the issue of whether PIMCO exercised *any* control over FGMC's employment decisions. Although they allege, *upon information and belief*, that PIMCO "had input into the hiring and firing of FGMC executives[,]" Plaintiffs do not allege any further factual support for this conclusory statement that would permit the Court to make the reasonable inference that an integrated enterprise exists. *Iqbal*, 556 U.S. at 678.

        c.        *Common Management.*

The factor of common management likewise does not support a finding of an integrated enterprise because Plaintiff's *Complaint* lacks any well-pleaded allegations that would permit the Court to find that PIMCO exercised control over FGMC's employment decisions. "Common management and ownership are ordinary aspects of a parent-subsidiary relationship." *Lusk*, 129 F.3d

at 778. Courts have thus recognized that "the mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its subsidiary as a single employer." *Id.* (citations omitted). Rather, "[s]ome nexus to the subsidiary's daily employment decisions must be shown." *Id.* Here, Plaintiffs' allegations that PIMCO held two or more seats on FGMC's board, as well as their allegation that it knowingly allowed FGMC to be undercapitalized are insufficient to support a finding an integrated enterprise because these facts simply do not speak to whether PIMCO exercised control over PIMCO's employment decisions. *See Schweitzer*, 104 F.3d at 765 (explaining that "[n]one of the four *Trevino* factors concentrates on common financing, capitalization, or officers . . . *Trevino* instructs us to focus on the control a parent company exercises over the employment decisions of its subsidiary").

        d.    <u>Common ownership or financial control.</u>

Despite their allegation that PIMCO holds a majority of FGMC's shares, Plaintiff's *Complaint* lacks further factual support that demonstrates PIMCO's ownership interest is sufficient to overcome the absence of any factual support for the other factors. *See Schweitzer*, 104 F.3d at 765 (holding that district court erred by focusing on financing instead of "the control a parent company exercises over the employment decisions of its subsidiary").

Because it fails to allege any well-pleaded allegations that address the factors for finding an integrated enterprise between PIMCO and FGMC under Title VII, Plaintiffs' claims against PIMCO must be dismissed for failure to state a claim.

        **3.**    **Plaintiffs have pleaded insufficient facts for joint employer liability.**

Plaintiffs' *Complaint* also fails to allege sufficient facts to demonstrate a plausible basis for holding PIMCO liable as a joint employer under Title VII. "Joint employer" refers to "two or more employers that are unrelated or that are not sufficiently related to qualify as an integrated enterprise, but that each exercise sufficient control of an individual to qualify as his employer." *Perry v. VHS*

*San Antonio Partners, L.L.C.*, 990 F.3d 918, 928 (5th Cir. 2021) (citations omitted) (alterations in original). Courts use a hybrid economic realities/common law control test to determine whether an entity exercises sufficient control over an employee to qualify as an employer. *Muhammad*, 479 F.3d at 380. "The most important component of this test is the right to control the employee's conduct, focusing on whether the employer has the right' to hire, fire, supervise, and set the work schedule of the employee." *Id.* (citations and quotation marks omitted). Factors considered in this analysis include "'whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment'" in determining the economic-realities component of this test. *Id.* (*quoting Deal v. State Farm Cty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 119 (5th Cir. 1993)).

Here, Plaintiffs *Complaint* lacks any well-pleaded allegations that support a finding that PIMCO operated as Plaintiffs' joint employer. Although they allege, on information and belief, that PIMCO "had input into the hiring and firing of FGMC executives[,]" Plaintiffs fail to plead factual support that demonstrates PIMCO in any manner controlled the conduct of FGMC employees, including the decision to hire and fire Plaintiffs. *Complaint* ¶ 10. *See Perry v. Pediatric Inpatient Critical Care Services, P.A.*, 2020 WL 1248263, at *17 (W.D. Tex. Mar. 16, 2020), *aff'd sub nom. Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918 (5th Cir. 2021) (finding no joint employer liability because putative employer "did not pay Plaintiff's salary, withhold taxes, or provide benefits, or reimburse expenses, nor did it set the specific terms and conditions of Plaintiff's employment").

Given the absence of well-pleaded factual allegations that would support a plausible basis for joint employer liability, Plaintiffs' *Complaint* fails to state a claim and should be dismissed.

## IV.
## CONCLUSION AND PRAYER

For the forgoing reasons, PIMCO prays that the Court grants this *Motion*, dismisses Plaintiffs' claims asserted against it, and grants any further relief to which the Court finds PIMCO is justly entitled.

                                  Respectfully Submitted,

                                  /s/ Arthur V. Lambert
Arthur V. Lambert
Texas Bar No. 11841250
Attorney-in-Charge
Brent Sedge
Texas Bar No. 24082120
FISHER & PHILLIPS, LLP
500 North Akard Street, Suite 3550
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
*alambert@fisherphillips.com*
*bsedge@fisherphillips.com*

**ATTORNEYS FOR DEFENDANT
PACIFIC INVESTMENT MANAGEMENT
COMPANY, INC.**

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of Court for the United States District Court for the Eastern District of Texas on August 9, 2022, using the Electronic Case Filing system of the Court. The ECF system will send a "Notice of Electronic Filing" to all attorneys of record:

| | |
|---|---|
| Emily Stout (*estout@cwl.law*) | Jane Legler (*jane@nlcemployeelaw.com*) |
| Camille Avant (*cavant@cwl.law*) | Christine Neill (*christine@nlceemployeelaw.com*) |
| **CRAWFORD, WISHNEW & LANG PLLC** | Kyla Gail Cole (*kyla@nlceemployeelaw.com*) |
| 1700 Pacific Avenue, Suite 2390 | Neill Legler Cole PLLC |
| Dallas, Texas 75201 | 3300 Oak Lawn Avenue, Suite 425 |
| **ATTORNEYS FOR PLAINTIFF VANSINGEL** | Dallas, Texas 75219 |
| | **ATTORNEYS FOR PLAINTIFFS MEYER AND PALMER** |

                                  /s/ Arthur V. Lambert
Arthur V. Lambert