UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LYNLEY VANSINGEL, MELANIE MEYER, and JESSIE PALMER <br><br>*Plaintiffs*, <br><br> v. <br><br> FIRST GUARANTY MORTGAGE CORPORATION, and PACIFIC INVESTMENT MANAGEMENT COMPANY, INC. <br><br>*Defendants*. | CIVIL ACTION NO. 4:22-cv-00525-SDJ |

**PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

To:     The Honorable District Court Judge Sean Jordan:

Comes Now, Plaintiffs, and file this Motion for Leave to Conduct Limited Discovery; and prior to responding to Defendant's Motion to Dismiss. In support of same, Plaintiffs would show this Court as follows.

**Procedural History:**

1.     Plaintiffs filed this lawsuit against Defendants on June 23, 2022. Plaintiffs alleged that Defendant Pacific Investment Management Company, Inc. ("PIMCO") was liable as a joint employer/integrated enterprise and/or because PIMCO knowingly allowed FGMC to be undercapitalized and/or improperly transferred assets out of FGMC causing FGMC to be undercapitalized, resulting in FGMC's recent bankruptcy filing. (Doc.1).

2.     PIMCO filed its first 12(b)(6) Motion to Dismiss on August 9, 2022. Plaintiff filed their Amended Complaint on August 23, 2022 in an attempt to address PIMCO's concerns. (Doc. 7 and 9).

3. PIMCO filed its second 12(b)(6) Motion to Dismiss on September 12, 2022 (Doc.14). PIMCO alleges the Amended Complaint "lacks any well-pleaded facts that would permit the Court to make the reasonable inference that PIMCO is liable to Plaintiffs as their employer." *Id.* at p. 1.

4. On September 22, 2022 this Court entered an order staying discovery pending the Motion to dismiss. (Doc.16).

**Argument and Authorities:**

Although the Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." (*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)), it is by no means automatic or required. *See Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Discovery should not routinely be stayed simply because a motion to dismiss has been filed. *MC Asset Recovery, LLC v. Castex Energy, Inc.,* 4:07-CV-076-Y, 2007 WL 9718311, at *2 (N.D. Tex. Aug. 6, 2007).

Here, Plaintiffs request leave to conduct limited discovery on the issues raised by PIMCO's 12(b)(6) motion. Among the factors that may inform the Court's discretion are the breadth of the discovery sought, the burden of responding to discovery, the strength of the dispositive motion filed, and whether the Court's resolution of the dispositive motion may preclude the need for discovery altogether thereby saving time and expense. See *Landry v. Air Line Pilots Ass'n International AFLCIO*, 901 F.2d 404, 436 (5th Cir. 1990); *Spencer Trask*, 206 F.R.D. at 368.

A stay is not necessary where a party has stated a plausible claim for relief after the Court identified defects in his pleadings and permitted him to amend. *Stanissis v. Dyncorp Intern. LLC*, 3:14-CV-2736-D, 2014 WL 7183942, at *1 (N.D. Tex. Dec. 17, 2014). *See also, Reneker v. Offill,* 2010 WL 1541350, at *2, *7 (N.D.Tex. Apr.19, 2010) (Fitzwater, C.J.) (after twice granting

motions to dismiss, concluding that plaintiff's second amended complaint stated claim on which relief could be granted). The court declines in the exercise of its broad discretion to stay all scheduling and preclude all discovery in this case during the time it will take to decide the instant motions to dismiss and (if applicable) any motions addressed to amended pleadings.). "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016).

**Request for Limited Discovery:**

While Plaintiffs assert that they have plead sufficient facts to prevent 12(b)(6) dismissal, the issues of the relationship between FGMC and its 100% equity owner, PIMCO are not the types of information that are publicly available or well known to FGMC's non-executive employees such as Plaintiffs. As such, Plaintiffs assert that limited discovery on the relationship between the Defendants is necessary to fully adjudicate PIMCO's 12(b)(6) motion.

The law is well-established that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). The four factors set forth in Trevino used to determine whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Id. This is not an inquiry to be conducted in a perfunctory fashion. This is a fact intensive determination. *Vance v .Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002). Fact intensive analyses are not questions that can be resolved on motions to dismiss.

Given the factually intensive nature of proving or disproving joint employer liability and the factors necessary to pierce the corporate veil, and the fact that Plaintiffs were not high enough

in the FGMC organization to have visibility to their relationship with PIMCO, Plaintiffs request the discovery be stayed to allow for very limited discovery.

Plaintiffs seek to take PIMCO's 30(b)(6) corporate representatives' deposition on the following topics:

The matters on which examination is requested are described as follows:

1. The factual allegations set forth in Plaintiffs' First Amended Complaint.

2. PIMCO"s ownership, management, control, and corporate structure of FGMC.

3. Any parent or subsidiary relationship between PIMCO and FGMC.

4. PIMCO's involvement daily operations of FGMC.

5. The involvement of PIMCO and/or any PIMCO employees in the hiring or retention of Brian Hale to provide services for FGMC or PIMCO from January 1, 2019 to the present.

6. PIMCO's knowledge of the employment of Jordan Simons, including hiring, supervision, complaints, disciplinary action, and termination, as well his job title(s), duties and responsibilities.

7. PIMCO's financial relationship with FGMC.

8. The involvement of PIMCO and/or past or current PIMCO employees on the Board of Directors of FGMC.

9. PIMCO's decision to cease financial support of FGMC in 2022.

10. The involvement of PIMCO and/or past or current PIMCO employees, including FGMC board members, in the decision of FGMC to file bankruptcy.

11. Why PIMCO sent analysts to FGMC in the fourth quarter of 2021 and the first quarter of 2022, as well as the job duties and responsibilities of these analysts, and their involvement in FGMC business.

12. PIMCO's role in the hiring, retention, or termination of FGMC employees Aaron Samples, Jordan Simons, Dwayne Smith, and Cassie Vacante.

13. Any input or direction given by PIMCO related to the terminations of Sarah Gonzalez and Lynley VanSingel.

14. Any involvement by PIMCO in drafting or approving Lynley VanSingel's employment agreement.

15. Any involvement or input by PIMCO in the development or implementation of FGMC's employment policies.

Plaintiffs also seek permission to request limited documents from PIMCO through a subpoena duces tecum served in conjunction with the corporate representative notice.

Given these narrowly tailored requests coupled with the fact that 12(b)(6) motions are disfavored and stays of discovery are not required while 12(b)(6) motions are pending, Plaintiffs request that this court grant Plaintiffs' Motion for Leave to Conduct Limited Discovery prior to responding to PIMCO's 12(b)(6) motion.

Dated: September 26, 2022                                   Respectfully Submitted,

 

---

Jane Legler
Texas Bar No. 03565820
Christine Neill
Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3300 Oak Lawn Ave. Ste. 425
Dallas, Texas 75219
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

**Attorneys for Plaintiffs Meyer and Palmer**

**CRAWFORD, WISHNEW & LANG PLLC**

By: /s/ *Emily Stout*

**Emily Stout**
State Bar No. 24013581
estout@cwl.law
**Camille Avant**
Texas State Bar No. 24084967
cavant@cwl.law

1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

**Attorneys for Plaintiff VanSingel**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on Defendant PIMCO's counsel of record at the address below, via email on this the 26th day of September 2022.

Arthur V. Lambert
Brent Sedge
FISHER & PHILLIPS, LLP
500 North Akard Street, Suite 3550
Dallas, Texas 75201
alambert@fisherphillips.com
bsedge@fisherphillips.com

                                              /s/ *Emily Stout*
                                              Emily Stout